## Commonwealth v. Evans

*John A. Kenneff,* Assistant District Attorney, for Commonwealth.

*Penn B. Glazier,* for defendant.

BUCKER, *J.,* April 19, 1976 — Defendant was convicted by a jury before The Honorable William G. Johnstone, Jr., P.J., of violating the Crimes Code, Theft of Services (18 C.P.S.A. §3926) which provides in part as follows: "(3) Where compensation for service is ordinarily paid immediately upon the rendering of such service, as in the case of hotels and restaurants, refusal to pay or absconding without payment or offer to pay gives rise to a presumption that the service was obtained by deception as to intention to pay."

Defendant contends that the court erred in charging as to the statutory presumption and cites Commonwealth v. DiFrancesco, 458 Pa. 188, 329 A.2d 204, in support thereof. In DeFrancesco, defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor and defendant objected to the court's charge on the presumption created by section 624.1(c) of The Vehicle Code. That section provides that where a chemical analysis of bloof shows a percentage of alcohol of .10 percent or more "it shall be presumed that the defendant was under the influence of intoxicating liquor."

The Supreme Court held that "if the statute is read as a part of the court's charge, the non-compulsory nature of this inference must be brought home to the jury." The court further said That "the jury should be instructed that the test results are evidence that the defendant was under

the influence of intoxicating liquor, and permit a finding to that effect, but that such a finding is not mandatory; that the test results should be considered together with all the other evidence in the case; and that if there is a reasonable doubt in minds of the jurors as to whether the defendant was under the influence of intoxicating liquor, they should return a verdict of 'not guilty'."

We believe that the court's charge in the instant case comports with the holding in DiFrancesco.

At page 110 of the notes of testimony the court charged as follows: "THE COURT: Members of the jury, as you well know by now, the defendant, Barry Lee Evans, is charged with theft of services.

"He comes into court presumed to be innocent, and this presumption of innocence continues with him during this entire trial and even up until you go to your jury room and until you, if you do, find contrary-wise that he is guilty. These aren't just words. This has meaning to it. It is important.

"The burden rests on the Commonwealth to prove this Defendant's guilt to your satisfaction beyond a reasonable doubt; and if you have such a doubt from any part or all of the testimony, you must give the Defendant the benefit of that doubt and acquit him. It must, however, be a substantial doubt and not just a fanciful or imaginary doubt. It should be such a doubt as would cause you to pause and hesitate before taking action in a matter of importance to yourself."

And, at page 112, the court charged: "Where compensation for service is ordinarily paid immediately upon the rendering of such service, as in the case of hotels and restaurants, refusal to pay or absconding without payment or offer to pay gives

rise to a presumption that the service was obtained by deception as to intention to pay.

"What this is saying is that the law presumes if this Defendant walked away without paying, without offering to pay, without making any explanation of not paying, without making any promise to pay in the future or anything of that kind, if that happened, the law presumes that this man did intend to commit the act of theft by deception.

"You folks are the judges of what the facts are here. Nobody can tell you how or what to find as a fact. You must determine those facts by a careful consideration of all of the testimony that you heard here and apply your good sound judgment and common sense to what you heard to determine what to you is believable, what makes sense to you, what is credible in your judgment, because you are the ones who determine what the facts are. It is a question of fact whether or not this Defendant intended to deceive this motel keeper by leaving without paying the room rent, the bill."

And, at page 117, court charged: "The law says when he walked out and didn't pay, there is a presumption that he intended to deceive them, but that is only a presumption, and a presumption can be overcome by testimony on the other side, and defendant's testimony was, I didn't intend to gyp them out of their hotel bill; I didn't have any money; I didn't have any job; I tried to get money and couldn't, but I didn't intend to gyp them.

"Of course, you will have to consider that statement in light of the fact that he left without a good-bye or a note or I am going to here or there or somewhere else where you can get in touch with me, I will pay you later. You consider that. That isn't conclusive but that is something that you must consider."

Reading the court's charge as a whole we conclude that there was no trial error.

And now, April 19, 1976, for the foregoing reasons, defendant's motions in arrest of judgment and for a new trial are denied and defendant is directed to appear for sentencing at the call of the District Attorney.